## Norris *v.* Breakwater Company, Appellant.

*Attorney and client—Unfaithfulness of attorney—Affidavit of defense.*

In an action by an attorney at law to recover alleged unpaid fees, wherein the plaintiff bases his claim upon a written agreement between himself and the defendant, an affidavit of defense is sufficient which alleges unfaithfulness and hostility by him to the interests of the defendant "in violation of the spirit and intent of said agreement."

Argued Jan. 18, 1912.   Appeal, No. 3, Jan. T., 1911, by defendant from order of C. P. No. 4, Phila. Co., March T., 1910, No. 8, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Edward W. Norris v. The Breakwater Company.   Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.   Reversed.

Assumpsit to recover balance of fees alleged to be due under written contract dated October 3, 1908.   The contract was annexed to the statement of claim and contained the following recital:

Whereas the first party and the company have adjusted and settled all their differences, disputes and controversies and agreed that the company is indebted to the first party in the sum of five thousand and fifty-three and 50-100 ($5,053.50) dollars for services rendered as its attorney to the date hereof, and the company has agreed to retain and employ the first party as its attorney and counsellor-at-law to represent it in such matters as may be entrusted to the first party by its board of directors from the day and date hereof until the 30th day of April, 1910, for the compensation hereinafter provided, and in consideration of the promises of the first party hereinafter contained, to accept the said retainer and employment and not to undertake or accept any em-

ployment or retainer of any kind inimical or hostile to its interests, except as hereinafter specifically provided.

The affidavit of defense after giving a detailed history of the Sea Coast Construction Company and the Breakwater Construction and Engineering Company, and an account of their dealings with the plaintiff continued as follows:

By reason of the proceedings in the United States District Court for the Southern District of New York, the claims of the said Edward W. Norris and John F. Donovan, became uncollectible, but immediately after the incorporation of the defendant, The Breakwater Company, the plaintiff, the said Edward W. Norris, sent a bill to the defendant for professional services rendered to The Breakwater Construction and Engineering Company for the sum of $3,286.25, claiming it as a balance due under the agreement of February 24, 1908, which the said Edward W. Norris had with The Breakwater Construction and Engineering Company. The defendant refused to pay the said bill of the said Edward W. Norris, and thereupon the said Edward W. Norris and John F. Donovan, procured and caused proceedings in involuntary bankruptcy to be instituted in the United States District Court for the Southern District of New York, on the 1st day of August, 1908, and in the United States District Court for the Northern District of Ohio, for the purpose of having The Sea Coast Construction Company adjudged an involuntary bankrupt, and to have a receiver appointed. The application for a receiver was denied and answers contesting the proceedings were duly interposed, and the defendant upon the refusal of his application for a receiver, then made an application in the Unted States District Court for the Southern District of New York to set aside the sale of the assets and property of The Breakwater Construction and Engineering Company made by the special commissioner to the defendant herein. This proceeding was begun some time in September in the year 1908. The

said application to set aside the said sale was made by certain alleged creditors of The Breakwater Construction and Engineering Company, and were brought at the instance of the said Edward W. Norris, who solicited retainers therein, wherein his fees were contingent upon the successful termination of the suit to set aside the sale and the confirmation thereof, and the said Edward W. Norris upon the petition of divers creditors drawn by him, and the allegations of which were made by the said creditors upon information supplied and furnished by him in betrayal of his professional obligations and in violation of his office as an attorney-at-law of the state of New York, and in violation of his duty towards his clients as aforesaid.

These proceedings affected the securities held by the First National Bank of Cleveland, Ohio, to wit, the bonds and stock of the defendant, and the said First National Bank of Cleveland, Ohio, insisted that a compromise should be made with the said plaintiffs in this action, and that they should be paid to discontinue the attacks upon The Breakwater Company and affecting the securities of the bank aforesaid. And the defendant under duress, and by reason of the threats of the said Edward W. Norris and the claims of the said First National Bank of Cleveland, Ohio, entered into negotiations with the said Edward W. Norris and John F. Donovan, and the said bank having then and there the control of The Breakwater Company insisted that the demands of the plaintiff, the said Edward W. Norris, both for himself and for the said John F. Donovan, should be complied with, and on October 3, 1908, the bank having demanded and forced the settlement with the said Edward W. Norris, and John F. Donovan for the sole and whole purpose of quieting the title of the said bank to the said securities aforesaid, compelled the defendant to enter into the agreement in controversy, and the said agreement was drawn and entered into. That said agreement was based upon the fact that the

said Edward W. Norris had rendered services to the defendant, when in truth and fact he rendered no service whatsoever to the defendant, but all his actions had been to the detriment of the said defendant, and he had rendered no services in its behalf.

That the said First National Bank of Cleveland, Ohio, was intimidated by the threats of the said Edward W. Norris, and compelled the officers of The Breakwater Company to carry out the said agreement until the bank's indebtedness was paid off, to wit, about the 17th day of November, 1910, and the defendant during such time and in pursuance of the said agreement, paid to the said Edward W. Norris all the sums provided to be paid, but at no time from October 3rd, 1908, to November 17, 1909, or at any time thereafter did the said Edward W. Norris render and perform for The Breakwater Company, or any of its officers, or any of the parties in interest, any service whatsoever; and furthermore, no sum or sums of money were paid to the said Edward W. Norris by the defendant in this cause, after the claim of the First National Bank of Cleveland, Ohio, was paid, and the duress incident to the said claim and the holding of the securities of the defendant was removed. That the defendant during the time that its securities were held by the First National Bank of Cleveland, Ohio, was controlled by the First National Bank of Cleveland, Ohio, is apparent from the fact that a majority of the board of directors was composed of the officers and counsel of said bank and it was therefore compelled to yield to the control of the said First National Bank of Cleveland, Ohio, in the execution of said agreement, which execution was produced by duress, and to the detriment of the defendant, and for the benefit of the First National Bank of Cleveland, Ohio, which held the securities of the defendant as collateral security for its debt of $350,000.

That due to the duress exercised by the First National Bank of Cleveland, Ohio, and Edward W. Norris, the

plaintiff, the defendant paid to the plaintiff the following sums of money:

| | | |
|---|---|---:|
| 1908 | March 21, .................... | $1,050.00 |
| | October 8, ................. | 1,500.00 |
| | "    30, .................. | 300.00 |
| | November 7, ................ | 292.25 |
| | "    19, .................. | 592.25 |
| | December 21, ............... | 592.25. |
| 1909 | July 27, .................... | 350.00 |
| | August 24, .................. | 350.00 |
| | October 14, ................ | 700.00 |

And the defendant avers that the aforesaid payments made to the plaintiff were made under unlawful duress, and that the defendant was not a free agent in making the same and now claims the right to recover said money from the plaintiff with interest from the various dates of payment, and asks for a certificate, and for leave to have the jury find a verdict in its favor for said amounts.

And the defendant further avers that on or about April 30th, 1910, the said Edward W. Norris in violation of the contract annexed to the copy of the plaintiff's statement of claim was in communication and conference with certain creditors of The Breakwater Construction and Engineering Company and the Sea Coast Construction Company, with a view of attacking the title of The Breakwater Company to certain of its property, and involving it in further expensive and collusive litigation.

Furthermore, the said Edward W. Norris, the plaintiff, threatened that unless he were retained and employed as counsel by the defendant, The Breakwater Company, for a further term that he would accept a retainer from such creditors whose claims and demands were hostile to the interests of the defendant, The

Breakwater Company, all of which was in direct violation of the terms and spirit of the written contract annexed to the plaintiff's statement of claim.

The court made absolute the rule for judgment.

*Error assigned,* was the order of the court.

*Hampton L. Carson,* with him *John Kent Kane* and *Emanuel J. Myers,* for appellant.

*Lewis, Adler & Laws,* for appellee.

PER CURIAM, March 18, 1912:

The affidavit of defense, deemed insufficient by the court below, is of unpardonable length and teems with irrelevant matter. The appellee is an attorney-at-law, and his claim for professional services is based upon a written agreement with the appellant, dated October 3, 1908. A defense set up in the affidavit is his alleged infidelity to the appellant as his client, but this was held by the court below to be unavailing, because there is an express denial in the affidavit of defense that the appellee had rendered any services whatever to the appellant prior to October 3, 1908, and it could take no advantage of his unfaithfulness to its predecessors. We do not so read the affidavit of defense. The first recital in the agreement is, "Whereas the first party and the company have adjusted and settled all their differences, disputes and controversies and agreed that the company is indebted to the first party in the sum of five thousand and fifty-three and 50-100 ($5,053.50) dollars for services rendered as its attorney to the date hereof." The execution of this agreement is thus admitted by the appellant: "It is true, as he alleged in the plaintiff's statement of claim, that the defendant entered into a certain written contract, copy of which is annexed to the plaintiff's statement of claim, but it is not true as is alleged in the said statement of claim that he, the plain-

tiff, has well and faithfully rendered, performed and discharged such services for the defendant as were required of him by its board of directors, and has faithfully performed and kept all of the conditions and provisions of said contract as therein provided upon his part to be kept and performed. But on the contrary, the plaintiff has always been inimical and hostile to the interests of the company, in violation of the spirit and intent of said agreement." The averment which the court below seems to have misunderstood is not that the appellee had not "rendered any services whatever to The Breakwater Company" prior to the date of the agreement, but is, "Said agreement was based upon the fact that the said Edward W. Norris had rendered services to the defendant when in truth and fact he rendered no service whatsoever to the defendant, but all his actions had been to the detriment of the said defendant, and he had rendered no services in its behalf." This, taken in connection with the agreement and the other quoted averment in the affidavit of defense, does not necessarily mean that the appellee had not been counsel for appellant prior to October 3, 1908, but is entirely consistent with such a relation, in which, however, he may have failed to faithfully serve his clients. There is a sufficient averment of professional unfaithfulness in the affidavit of defense to send the case to a jury on the question of the right of the appellee to recover. It is not necessary that we, at this time, pass upon his alleged duress of the appellant in procuring the agreement from it.

Judgment reversed and record remitted with a procedendo.